***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Glenn.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. In the plaintiff's Tort Claim Affidavit filed with the North Carolina Industrial Commission, the plaintiff alleges that he injured his arm while working in his assigned position in the kitchen at Caswell Correctional Center.
2. At the hearing before the Deputy Commissioner, the defendant NCDOC moved to dismiss the plaintiff's tort claim, asserting that the plaintiff's exclusive remedy is the Workers' Compensation Act.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Workers' Compensation, not a tort action, is the exclusive remedy for prisoners injured while working for the State of North Carolina. N.C. Gen. Stat. § 97-10.1; Richardson v. North Carolina Dept. of Correction,345 N.C. 128, 478 S.E.2d 501 (1996).
2. A prisoner may file a workers' compensation claim under appropriate circumstances within one year of their release from the NCDOC. N.C. Gen. Stat. § 97-13(c) specifically provides:
 Whenever any prisoner assigned to the State Department of Correction shall suffer accidental injury or accidental death arising out of and in the course of the employment to which he had been assigned, if there be death or if the results of such injury continue until after the date of the lawful discharge of such prisoner to such an extent as to amount to a disability as defined in this Article, then such discharged prisoner or the dependents or next of kin of such discharged prisoner may have the benefit of this Article by applying to the Industrial Commission as any other employee; provided, such application is made within 12 months from the date of the discharge; and provided further that the maximum compensation to any prisoner or to the dependents or next of kin of any deceased prisoner shall not exceed thirty dollars ($30.00) per week and the period of compensation shall relate to the date of his discharge rather than the date of the accident.
3. Because the plaintiff has alleged an injury by accident arising out of and in the course of his employment with the NCDOC, this cause of action, filed as a tort claim against the State of North Carolina, must be dismissed. N.C. Gen. Stat. § 143-291, et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. The plaintiff may file a workers' compensation claim within one year of his release from the NCDOC. An Industrial Commission Form 18 is appended to this Order to permit the plaintiff to file a workers' compensation claim.
3. No costs are taxed as the plaintiff was permitted to file this civil action in forma pauperis.
This 10th day of August 2005.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER